IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

RICHARD CASEY RHODEN,            )
                                 )
        Petitioner,               )
                                 )
VS.                              )         No. 1:15-cv-1304-JDB-egb
                                 )
STATE OF TENNESSEE,              )
                                 )
        Respondent.               )

---

REPORT AND RECOMMENDATION
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS*

---

On December 14, 2015, Petitioner Richard Casey Rhoden (Rhoden), a resident of Pinson, Tennessee, filed a *pro se* Notice of Removal of a criminal case from the Chester County Circuit Court 26th District and a motion seeking leave to proceed *in forma pauperis*. (D.E.s 1 & 2.) On December 18, 2015, the undersigned ordered the Petitioner to file a properly completed *in forma pauperis* affidavit or pay the civil filing fee. (D.E. 5) On December 21, 2015, the Petitioner filed his Amended Application. (D.E. 6)

Federal law provides that the clerk of each district court shall require parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $400.00. 28 U.S.C. § 1914(a). To ensure access to the courts, however, 28 U.S.C. §

1915(a) permits an indigent petitioner to avoid payment of filing fees by filing an *in forma pauperis* affidavit. Under that section, the Court must conduct a satisfactory inquiry into the petitioner's ability to pay the filing fee and prosecute the lawsuit. A petitioner seeking *in forma pauperis* standing must respond fully to the questions on the Court's *in forma pauperis* form and execute the affidavit in compliance with the certification requirements contained in 28 U.S.C. § 1746.

The Court notes that there are several discrepancies between the original and amended Applications, to include job history, income, and expenses[1]. The Court further notes that the Petitioner lists no expenses other than food. A records search reveals that the Petitioner's address is a house, but he does not indicate whether he lives with anyone or is being supported by family and/or friends. The Petitioner also states that he is going to college full-time, but does not provide any details on how he is paying for it, whether it be a scholarship, a grant, loans, or other financial assistance.

Because Petitioner's affidavit does not provide sufficient financial information and therefore, does not satisfy his burden of demonstrating that he is unable to pay the civil filing fee, it is RECOMMENDED that the motion to proceed in *forma pauperis*

---

[1] For instance, the Petitioner's job history is different by 8 months between the two Applications and the Petitioner doesn't list the income he received from the job on page 1 of the Application.

be DENIED[2]. *See, Williams v. Mekiel-Yehuddah: Yisrael,* 2:11-cv-2106-SHM-tmp.

Respectfully Submitted this 5th day of January, 2016.

**s/Edward G. Bryant**
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATION. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**

---

[2] In the alternative, 28 U.S.C. § 1455(b)(1) states that a removal of a criminal prosecution "shall be filed no later than 30 days after the arraignment in the State Court." State records show that the Petitioner was arraigned on November 3, 2015. The instant matter was filed on December 14, 2015 – more than 30 days after the arraignment.